IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:13-CT-03072-D

| | |
|---|---|
| JEFFREY SERVIDIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SGT. PITTMAN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's October 27, 2014 letter construed as a renewed motion to obtain subpoenas. [DE-44]. Plaintiff first request for subpoenas was denied without prejudice for failure to provide information regarding the individuals or records he sought to subpoena. [DE-43]. Plaintiff now specifies two individuals whom he seeks to subpoena to testify, as well as two sets of documents he seeks to obtain. [DE-44].

First, Plaintiff's request to subpoena witnesses to testify is premature where potentially dispositive motions have yet to be filed and no trial date has been set. *Sears v. Price*, No. 5:11-CT-3208-FL, 2014 WL 267010, at *3, n.1 (E.D.N.C. Jan. 24, 2014). Next, Plaintiff's request to subpoena disciplinary records from September 2005 until present seeks discovery outside the scope of Rule 26(b)(1) where Plaintiff's challenge to his disciplinary conviction has been dismissed, [DE-37] at 2-3, and Plaintiff's remaining claim relates to an alleged use of excessive force on March 24, 2011, *id.* at 4-5. Finally, Plaintiff's request to subpoena investigative records specifically related to his "B-1 charge" is likewise outside the scope of Rule 26(b)(1), as it is also related to Plaintiff's dismissed challenge to disciplinary charges. [DE-13-4] at 1-2. Plaintiff has therefore failed to sufficiently demonstrate how the requests to subpoena documents are "reasonably calculated to lead

to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's request for subpoenas is denied.

SO ORDERED, the _13_ day of November 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge